UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH HOLTON,

        Plaintiff,

v.                              Case No. 8:07-cv-43-T-24EAJ

STATE OF FLORIDA,
JOE EPISCOPO, Assistant State Attorney,
ARTHENIA JOYNER, Florida State Representative,
LES MILLER, Florida State Senator
WILLIAM B. RICHBOURG, Esq.,

        Defendants.

_____

## O R D E R

This cause is before the Court on Defendant Joe Episcopo's Rule 12(b)(6) motion to dismiss Plaintiff's claims against him. (Doc. No. 10).

### Background

Pro se prisoner Plaintiff Holton filed this 42 U.S.C. § 1983 civil rights complaint alleging that Defendants failed to submit a bill to the Florida State Legislature to compensate Holton for the years he was allegedly improperly incarcerated on Florida's death row. Plaintiff states that he was convicted and:

> given a death sentence in case no. 86-CF-8931. After serving 16 ½ years on death row, on January 24, 2003 [sic]. Later it was determined that the conviction was based on perjured testimony. Also (DNA) evidence that excluded Rudolph Holton as the perpetrator of the crime.

Holton is now incarcerated on other charges.[1]

## Standard for Motion To Dismiss

The purpose of a motion to dismiss is to determine whether the Plaintiff's complaint states a legally sufficient claim for relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A motion to dismiss should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Although the facts as alleged must be accepted as true, the Court must construe all reasonable inferences in the light most favorable to the plaintiff. *Dalrymple v. Reno,* 334 F 3d 991, 996 (11th Cir 2003), *cert. denied,* 541 U.S. 935 (2004) (*quoting Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Moreover, in considering a motion to dismiss, the court need only accept "well pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birminghan,* 963 F2d 1485 (11th Cir. 1992). In the present case, "the plaintiff [Holton] can prove no set of facts in support of his claim which would entitle him to relief" against Defendant Episcopo and Defendant Episcopo's motion to dismiss will be granted.

## Discussion

Rudolph Holton was indicted by a State Grand Jury. The homicide division of the Office of the State Attorney of the Thirteenth Judicial Circuit assigned the case

---

[1] Holton left death row in 2003, but was later sentenced to 20 years incarceration in another case for choking his wife.

to assistant state attorney Joe Episcopo. Episcopo, in his capacity as an assistant state attorney was and is immune from suit since he was acting within the scope of his duties pursuant a criminal prosecution. *Imbler v. Pachtman,* 424 U.S. 409 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Rivera v. Leal*, 359 F.3d 1350 (2004); *Long v. Satz*, 181 F.3d 1275 (1999).

Because Defendant Episcopo was and is immune from suit, Plaintiff can prove no set of facts in support of his claim which would entitle him to relief against Defendant Episcopo.

Accordingly, the Court orders:

That Defendant Episcopo's motion to dismiss (Doc. No. 10) is granted. The Clerk is directed to terminate Defendant Episcopo as a party respondent in this case.

ORDERED at Tampa, Florida, on February 26, 2007.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Joe Episcopo
Rudolph Holton