UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH HOLTON,

    Plaintiff,

v.                                                   Case No. 8:07-cv-43-T-24EAJ

STATE OF FLORIDA,
JOE EPISCOPO, Assistant State Attorney,
ARTHENIA JOYNER, Florida State Representative,
LES MILLER, Florida State Senator
WILLIAM B. RICHBOURG, Esq.,

    Defendants.

_____

## O R D E R

This cause is before the court on Defendant William B. Richbourg's ("Richbourg") Rule 12(b)(6) motion to dismiss, with prejudice, Plaintiff's complaint for failure to state a claim. (Doc. No. 21).

### BACKGROUND

Pro se prisoner Plaintiff Rudolph Holton filed this civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants failed to submit a claims bill to the Florida Legislature to compensate Holton for the years he was allegedly improperly incarcerated on Florida's death row. Plaintiff seeks to hold Defendant William B. Richbourg ("Richbourg") liable under 42 U.S.C. § 1983 because Richbourg allegedly acted under color of state law in failing to procure a claims bill on Plaintiff's behalf. Plaintiff's allegations against Richbourg must be dismissed with prejudice because Plaintiff's own Complaint makes clear that

Richbourg did not act under color of state law with respect to the conduct alleged in the Complaint.

Plaintiff's Complaint must also be dismissed as to Richbourg to the extent it attempts to allege a claim for legal malpractice. Plaintiff has not and cannot allege a claim for legal malpractice and, in fact, Plaintiffs' own allegations contradict any such claim.

## DISCUSSION

Richbourg did not act under color of state law with respect to the conduct alleged in the Complaint and therefore cannot be held liable under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West,* 487 U.S. at 49. The under-color -of- state-law element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *see also Edwards v. Wallace Community College*, 49 F.3d 1517, 1523 (11th Cir. 1995) ("The dispositive issue is whether the official was acting pursuant to the powers he/she possessed by state authority or acting only as a private individual.").

The allegations in Plaintiff's Complaint, as evidenced by the exhibits attached to the Complaint, demonstrate that Richbourg was not acting under color of state law with respect

to the claims alleged in this case. Rather, Richbourg is a member of the Florida Bar who is engaged in private practice and was asked by Plaintiff to seek a claims bill on his behalf. Plaintiff has attached to the Complaint letters that Richbourg wrote to Senator Les Miller on April 27, 2006, and Representative Arthenia Joyner on April 28, 2006. Those exhibits demonstrate that Richbourg was representing Plaintiff in his effort to be compensated through a claims bill. The letters are written in Richbourg's capacity as a lawyer in private practice representing the Plaintiff. Nothing in these letters, or in Plaintiff's Complaint, can be construed as alleging that Richbourg was acting under color of state law with respect to the work he performed for Plaintiff. Plaintiff cites *Gilbert v. Sears Roebuck and Co.*, 899 F. Supp. 597 (M.D. Fla. 1995), to support his argument that Richbourg was acting under color of state law. (Plaintiff's Complaint at ¶11).

The *Gilbert* decision is distinguishable from the facts presented here. In *Gilbert*, the plaintiff alleged a § 1983 claim against Sears Roebuck and Company after he was arrested in the Sears restroom. Plaintiff argued that Sears acted under color of state law by participating in a surveillance operation with the Tampa Police Department (hereinafter "TPD"). The evidence presented in the case demonstrated that Sears worked with the TPD with respect to the surveillance operation in order to deter homosexual activity that was occurring in its men's bathroom in the Tampa Bay Mall. Sears allowed TPD access to the premises; TPD routinely checked in with Sears' security office when arriving on duty; and Sears provided TPD with the use of Sears' security office for making arrests and filling out paperwork. In addition, Sears provided TPD with the use of security equipment, including a video camera that showed a view of the hallway leading to the men's restroom, and TPD and Sears jointly decided to post a sign in the bathroom advising customers that police

were surveying the bathroom. Based on these facts, a federal district judge in this Court held that genuine issues of material fact existed as to whether Sears acted jointly with the TPD.

None of the facts in *Gilbert* are present here. The letters authored by Richbourg to Senator Miller and Representative Joyner make clear that Richbourg was acting on behalf of Plaintiff—not on behalf of the State of Florida—in seeking a claims bill. Richbourg sought a claims bill on Plaintiff's behalf in the letters dated April 27, 2006 and April 28, 2006. Both letters state: I represent Rudolph Holton in his effort to be compensated for wrongfully serving sixteen and one-half (16½) years on death row in the Florida prison system. . . . He would greatly appreciate your office sponsoring a bill to compensate him for the time that he was wrongfully incarcerated. (Letters attached as Exhibits to Complaint dated April 27, 2006 and April 26, 2006).

Richbourg was not acting under color of state law when requesting the claims bill. This case is more like *Medina v. Minerva*, 907 F. Supp. 379 (M.D. Fla. 1995), than *Gilbert*. In *Medina*, a prisoner filed a § 1983 claim against lawyers working for the Capital Collateral Representative in their individual capacities for allegedly withholding evidence and failing to represent him fairly and effectively. The Court dismissed plaintiff's complaint, holding that the lawyers were not acting under color of state law when representing plaintiff and therefore, could not be held liable under § 1983. *Id.* at 382-83.

Richbourg did not act under color of state law when representing Plaintiff with respect to the allegations in this case. Accordingly, Plaintiff's claims against Richbourg must be dismissed. *See Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996).

Furthermore, any claim that Plaintiff attempts to allege for legal malpractice against

Richbourg is legally insufficient as a matter of law.  While it is unclear whether Plaintiff is seeking to assert a claim for legal malpractice against Richbourg, to the extent Plaintiff attempts to allege such a claim, the claim fails as a matter of law and must be dismissed with prejudice.

First, paragraph twelve of Plaintiff's Complaint cites various sections from the Rules Regulating The Florida Bar. Plaintiff's reference to these sections does not form any cause of action against Richbourg. The Rules Regulating The Florida Bar specifically provide that "the violation of a rule should not give rise to a cause of action, nor should it create any presumption that a legal duty has been breached." (Preamble to the Rules of Professional Conduct). Plaintiff's citation to these rules does not, therefore, state a cause of action against Richbourg.

Second, paragraph 29 of Plaintiff's Complaint might be construed as an attempt to allege that Richbourg breached his professional responsibility to Plaintiff by not disclosing the statute of limitations on a claims bill. The Florida Statutes provide that a claims bill can be sought within four years after the cause for relief accrued. § 11.065(1), Fla. Stat. Plaintiff's Complaint demonstrates that he was released from prison on January 24, 2003. (See Plaintiff's Complaint at ¶2) The letters from Richbourg to Senator Miller and Representative Joyner are dated April 27, 2006 and April 28, 2006, respectively. The statute of limitations presumably expired on January 24, 2007. Plaintiff's Complaint, and the attachments thereto, demonstrate that Richbourg sought a claims bill for Plaintiff on April 27, 2006 and April 28, 2006 through Senator Miller and Representative Joyner. These requests were made within the statute of limitations. In addition, the exhibits to the Complaint demonstrate that Richbourg withdrew as counsel for Plaintiff on June 5, 2006,

also within the statute of limitations. Therefore, not only did Richbourg request a claims bill within the statute of limitations, he ultimately withdrew from representing Plaintiff within the statute of limitations. Richbourg's duty to Plaintiff expired once he withdrew as counsel. Richbourg cannot be held liable for circumstances that occurred after that date.

Moreover, Plaintiff has not, and cannot, allege a sufficient basis for damages in this case. Claims bills are granted by the Legislature as a matter of grace. *Gamble v. Wells*, 450 So. 2d 850, 853 (Fla. 1984). All that Richbourg could do on Plaintiff's behalf was request that a claims bill be sponsored. Richbourg was not in a position to demand that the Legislature grant compensation to Plaintiff. *Id.* It was entirely up to Senator Miller and Representative Joyner as to whether a bill should be submitted. If submitted, it would be the prerogative of a special legislative committee, after a hearing before a special master, to consider the bill. (See 6 Fla. Prac., Personal Injury & Wrongful Death Actions § 9.18) (discussing procedure for securing claims bill from Florida Legislature). Ultimately, it would be up to each individual legislator to determine whether to support the claims bill. If passed, the Governor would need to sign the bill into law. *Id.* The Legislature has discretion to allow or disallow compensation, decide the amount of compensation, and determine the conditions, if any, to be placed on the appropriation. *Gamble*, 450 So. 2d at 853.

Any damages suffered by Plaintiff, therefore, are speculative and cannot form the basis for a legal malpractice claim. *See generally Tarleton v. Arnestein & Lehr*, 719 So. 2d 325, 328-29 (Fla. 4th DCA 1998).

## STANDARD FOR MOTION TO DISMISS

The purpose of a motion to dismiss is to determine whether the Plaintiff's complaint states a legally sufficient claim for relief. *Scheuer v. Rhodes,* 416 U.S.

232, 236 (1974). A motion to dismiss should be granted where "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Although the facts as alleged must be accepted as true, the Court must construe all reasonable inferences in the light most favorable to the plaintiff. *Dalrymple v. Reno,* 334 F 3d 991, 996 (11th Cir 2003), *cert. denied,* 541 U.S. 935 (2004) (*quoting Marsh v. Butler County,* 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Moreover, in considering a motion to dismiss, the court need only accept "well pleaded facts" and "reasonable inferences drawn from those facts." *Oladeinde v. City of Birminghan,* 963 F2d 1485 (11th Cir. 1992). In the present case, "the plaintiff [Holton] can prove no set of facts in support of his claim which would entitle him to relief" against Defendant Richbourg and Defendant Richbourg's motion to dismiss will be granted.

Accordingly, the Court orders:

That Defendant Richbourg's Rule 12(b)(6) motion to dismiss Plaintiff's complaint against Richbourg, with prejudice (Doc. No. 21) is granted. The Clerk is directed to terminate Defendant Richbourg as a party respondent in this case.

ORDERED at Tampa, Florida, on March 28, 2007.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record

Rudolph Holton