UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH HOLTON,

           Plaintiff,

v.                         Case No. 8:07-cv-43-T-24EAJ

STATE OF FLORIDA,
JOE EPISCOPO, Assistant State Attorney,
ARTHENIA JOYNER, Florida State Representative,
LES MILLER, Florida State Senator
WILLIAM B. RICHBOURG, Esq.,

           Defendants.

_____

O R D E R

      On January 8, 2007, pro se prisoner Plaintiff Rudolph Holton filed this 42 U.S.C. §

1983 civil rights complaint alleging that Defendants failed to submit a bill to the Florida

State Legislature to compensate Holton for the years he was allegedly improperly

incarcerated on Florida's death row.[1]  Plaintiff stated that he was convicted and:

> given a death sentence in case no. 86-CF-8931.  After serving 16 ½ years
> on death row, on January 24, 2003 [sic].  Later it was determined that the
> conviction was based on perjured testimony. Also (DNA) evidence that
> excluded Rudolph Holton as the perpetrator of the crime.

_____

[1] Plaintiff signed the complaint on December 24, 2006.

Holton is now incarcerated on other charges.[2]

## Background

Holton paid the $350.00 filing fee. The Court ordered Holton to serve the Defendants in accordance with Rule 4, Federal Rules of Civil Procedure.  Plaintiff served Defendants Joe Episcopo, the State of Florida, and William Richbourg.   Plaintiff did not served Defendants Arthenia Joyner and Les Miller.

On February 26, 2007, the Court granted Defendant Episcopo's motion to dismiss. (Doc. No. 11). On March 26, 2007, the Court granted the State of Florida's motion to dismiss. (Doc. No. 20) On March 28, 2007, the Court granted Defendant Richbourg's motion to dismiss. (Doc. No. 22).

## Discussion

Rule 4(m), Federal Rules of Civil Procedure reads:

**m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Holton has failed to serve Defendants Arthenia Joyner and Les Miller within the allotted time and has not shown good cause for failure to serve these Defendants.

Furthermore, Arthenia Joyner and Les Miller enjoy absolute legislative immunity. from suit. *See Woods v. Gamel,* 132 F.3d 1417 (11th Cir. 1998).

---

[2] Holton left death row in 2003, but was later sentenced to 20 years incarceration in another case for choking his wife.

Accordingly, the Court orders:

That Holton's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Holton and to close this case.

ORDERED at Tampa, Florida, on May 8, 2007.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Rudolph Holton